UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

PRINCE J.R. TARIQ, )
 )
    *Plaintiff*, )
v. ) No. 1:05-cv-335
 ) *Edgar/Lee*
SHERIFF JOHN CUPP; C.O. KINSEY; )
CHIEF HART, )
 )
    *Defendants*. )

### MEMORANDUM

Prince J.R. Tariq ("Tariq") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983, which the Clerk has filed as of the date the complaint was received. Plaintiff seeks money damages and an order permitting him to press charges against Officer Kinsey for assault. However, no service shall issue and this complaint [Court File No. 2] will be dismissed for failure to exhaust administrative remedies.

I. **APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by Tariq that he is indigent and lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Accordingly, the Clerk of Court has, pursuant to 28 U.S.C. § 1915(b)(4), filed this action without the prepayment of costs and the filing fee. It appears that Tariq possessed no money in a trust account for a period of six months prior to the filing of this complaint.

However, Tariq is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Tariq is an inmate or prisoner in custody at the Hamilton County Jail, he is hereby assessed

1

the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Tariq's inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth,* 114 F.3d 601, 606 (6th Cir. 1997). However, Tariq is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Tariq's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Custodian of Tariq's trust account is instructed that when Tariq's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth,* 114 F.3d at 606 (6th Cir., 1997).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to disburse funds, to the Sheriff of Hamilton County, the Custodian of Inmate Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Tariq's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of plaintiff shall collect the filing fee as funds become available. This order shall become a part of the inmate's file and follow the inmate if he is transferred to

another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

The plaintiff is **ORDERED** to notify this Court of his change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. SCREENING PURSUANT TO 42 U.S.C. § 1997e

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. *See Davie v. Wingard,* 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN 37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

After review of the record and the applicable law, the Court concludes the § 1983 complaint [Court File No. 2] will be **DISMISSED** *sua sponte* without prejudice because it was prematurely filed.

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available state administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.*

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). It is clear from the record that the plaintiff has failed to exhaust his available administrative remedies by fairly presenting all of his claims to the Hamilton County Jail inmate grievance program. The plaintiff's complaint confirms there is a inmate grievance program in the Hamilton County Jail. Although Tariq asserts he presented the facts relating to his complaint in a grievance, he fails to demonstrate he exhausted his administrative remedies. Instead, Tariq alleges he requested to take out an arrest warrant for assault but the "case was closed [sic] officers looking out for each other (Court File No. 2, at 2). Tariq does not contend he exhausted his administrative remedies, nor does he attach a copy of any grievances he filed.

An inmate cannot fail to file a grievance or abandon the process before completion and claim he has exhausted his administrative remedies or that it is futile to exhaust remedies because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th

4

Cir. 1999) *citing Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997). "'In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.'" *Garfield v. Federal Prison Industries*, 3 Fed.Appx. 292 (6th Cir. Jan 26, 2001) (unpublished table decision), *available in* 2001 WL 92137, at *1, *quoting Knuckles El. v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), *cert. denied*, 531 U.S. 1040 (2000). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). Consequently, Tariq's failure to file a grievance resulted in him failing to exhaust all administrative remedies that were available to him.

Tariq seeks permission to press charges against Officer Kinsey and he requests money damages. Requesting money damages does not relieve Tariq from the mandatory exhaustion requirement. The Supreme Court of the United States has ruled that an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001) A prisoner cannot skip the administrative process simply by limiting his request for relief to money damages not offered through administrative grievance mechanisms. *Id.* More recently, the Supreme Court of the United States has held "that the PLRA's exhaustion requirement applied to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Thus, the exhaustion requirement applies to Tariq's complaint.

5

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (6th Cir. May 11, 2000) (table decision), *available in* 2000 WL 659260 *1(citing *Brown*, 139 F.3d at 1104)). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d at 489.

In this case, it appears that Tariq is making an Eighth Amendment deliberate indifference to a serious medical needs claim and an excessive force claim. Tariq avers he has filed a grievance but he "was not allowed his rights about this matter" [Court File No. 2, at 4]. Tariq did not specify the topic of the grievance nor has he attached a copy of any grievances. Moreover, he has failed to specifically describe the procedure he followed; thus, he has failed to demonstrate he exhausted his administrative remedies. Every claim raised in a prisoner's § 1983 complaint first must be exhausted through the grievance system; there is no provision in *Brown*, supra, for a "mixed" complaint. *Shorter v. Campbell*, 59 Fed.Appx. 673 (6th Cir. 2003), (table decision), *available in* 2003 WL 463480, *2 (citing *Brown*, 139 F.3d at 1104).

Although Tariq asserts that he sent Sheriff Cupp and others a complaint about this matter, he does not assert that he followed the Hamilton County Jail procedure for resolving grievance problems. It appears Tariq has failed to follow the Hamilton County Jail procedure for resolving grievance problems, which has resulted in his failure to exhaust his administrative remedies. The

6

Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance procedure. First, informal resolutions are encouraged between staff and inmates. Understandably, under the circumstances, an informal resolution between Tariq and the correction officer whom he claims assaulted him was probably not an option in this situation. However, if an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by placing it in the grievance box. The Jail Captain will assign the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance the third step requires the inmate to appeal to the Chief of Corrections.[2] In this case Tariq fails to explain the steps he followed in order to resolve this matter. Moreover, he does not assert that he exhausted his remedies.

Thus, because Tariq has failed to bear his burden of showing exhaustion as to each of his constitutional claims, a separate judgment will enter **DISMISSING** this action **WITHOUT PREJUDICE** for failure to exhaust administrative remedies*.*

Accordingly, Tariq's complaint will be **DISMISSED** *sua sponte* without prejudice for failure to state a claim upon which relief may be granted because Tariq failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

An judgment will enter.

                                              */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR

---

[2] It appears this is the step Tariq failed to take which now prevents this Court from addressing his claims.